IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,424






EX PARTE OMAR CASTILLO, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 877578 IN THE 208TH JUDICIAL DISTRICT COURT OF
HARRIS COUNTY





 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of aggravated robbery, and punishment was assessed at twenty years'
confinement. Appellate counsel filed an Anders brief and a motion to withdraw, which was
granted by the court of appeals when that court affirmed Applicant's conviction. Castillo v.
State, No. 01-02-00852-CR (Tex. App.- Houston [1st Dist.], delivered March 4, 2004). 

 Applicant contends, inter alia, that appellate counsel failed to comply with the
requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
in that counsel failed to notify Applicant of his withdrawal or provide Applicant a copy of
his brief to allow Applicant to raise any claims he believed to be meritorious. See Stafford
v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 

 The trial court obtained an affidavit from appellate counsel in response to Applicant's
claims. In his affidavit, counsel states that he asked his secretary to mail a copy of the trial
record, the Anders brief, and a letter referring Applicant to the appellate court to continue his
appeal to Applicant. Counsel's secretary has also provided an affidavit, in which she states
that she sent copies of the documents as instructed to Applicant's last known address. 
However, the package was returned to counsel's office with a notation that Applicant was
no longer in the custody of the Harris County Sheriff's Department. According to the
secretary, she could not locate Applicant, despite numerous telephone calls to TDCJ. 
Therefore, the package containing the Anders brief was never received by Applicant.

 The trial court has entered findings of fact and conclusions of law, finding the
affidavits of appellate counsel and his secretary to be credible, and finding the facts
contained therein to be true. The trial court makes no recommendation, but we believe that
Applicant is entitled to relief. As the United States Supreme Court held in Anders:

 The constitutional requirement of substantial equality and fair process can only
be attained where counsel acts in the role of an active advocate in behalf of his
client, as opposed to that of amicus curiae. . . .His role as advocate requires that
he support his client's appeal to the best of his ability. Of course, if counsel
finds his case to be wholly frivolous, after a conscientious examination of it, he
should so advise the court and request permission to withdraw. That request
must, however, be accompanied by a brief referring to anything in the record
that might arguably support the appeal. A copy of counsel's brief should be
furnished the indigent and time allowed him to raise any points that he
chooses[.]


Anders v. California, 386 U.S. 738, 744 (U.S. 1967).

 Applicant never received a copy of counsel's Anders brief, or an opportunity to
respond thereto by raising points in a pro se appellate brief. Habeas corpus relief is granted
and Applicant is granted the opportunity to examine appellate counsel's Anders brief, and to
file an out-of-time pro se appellate brief in his appeal from cause number 877578 from the
208th District Court of Harris County. For purposes of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the Anders brief had been filed on the day
that the mandate of this Court issues. We hold that Applicant, should he desire to prosecute
an appeal, must take affirmative steps to file his pro se brief within thirty days after the
mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: May 24, 2006